UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHEILA OWENS COLLINS, M.D., <br> *Plaintiff* <br><br> v. <br><br> TEXAS DEPARTMENT OF FAMILY <br> AND PROTECTIVE SERVICES; MS. <br> JAIMIE MASTERS, EXECUTIVE <br> DIRECTOR OF ADULT PROTECTIVE <br> SERVICES IN BOTH HER OFFICIAL <br> AND INDIVIDUAL CAPACITIES; AND <br> MS. LYDIA BIAS, SUPERVISOR, <br> INDIVIDUALLY; AND AISHA ROSS, <br> *Defendants* | § § § § § § § § § § § § § § § §  Case No. 1:20-CV-367-LY |

# **O R D E R**

Before the Court is Texas Department of Family and Protective Services ("TDFPS") Motion to Stay Discovery (Dkt. 31), filed December 21, 2020. On December 22, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## **I.    Background**

In September 2017, the Texas Adult Protective Services ("APS"), a division of the TDFPS, began an investigation of Plaintiff Sheila Owens Collins, M.D. after it received a complaint that Plaintiff was financially exploiting her elderly mother. After the initial investigation, TDFPS issued a finding that there was reason to believe that Plaintiff engaged in financial exploitation of her mother. Plaintiff requested review of the decision with the Houston office of APS, and the finding that Plaintiff engaged in financial exploitation of her mother was changed to "unable to determine" on October 24, 2018.

Plaintiff alleges that her niece, Aisha Ross, falsely filed the complaint of abuse with TDFPS in an effort to gain control of her elderly mother's finances. Plaintiff further alleges that TDFPS and the agency defendants violated her constitutional rights in its investigation and findings. In addition, Plaintiff complains that she must report the findings to state medical boards and other governmental agencies.

On April 7, 2020, Plaintiff filed this civil rights lawsuit against TDFPS, Jamie Masters, the Executive Director of TDFPS, Lydia Bias, the supervisor of the Houston office of APS, and Ross (collectively, "Defendants"). Plaintiff alleges numerous constitutional claims against the agency defendants, and alleges business disparagement, tortious interference with a contract, and intentional infliction of emotional distress against Ross. Plaintiff seeks monetary damages and declaratory and injunctive relief.

On April 20, 2020, TDFPS filed a motion to dismiss based on sovereign immunity and the *Younger* abstention doctrine. Dkt. 20. On December 21, 2020, Masters filed a motion to dismiss based on sovereign immunity, the *Younger* abstention doctrine, and qualified immunity. Dkt. 30. TDFPS now asks the Court to stay discovery pursuant to FED. R. CIV. P. 26(c) until threshold immunity issues raised in the motions to dismiss are decided. Although Plaintiff failed to file a response to the motion to stay, TDFPS's motion states that Plaintiff opposes the motion. Dkt. 31 at 6.

## II.   Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause"

2

requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The agency defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims and that they are barred by sovereign and qualified immunity, and that discovery should be stayed until these threshold issues are decided. The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity); *LeClerc v. Webb*, 2003 WL 21026709, at *7 (E.D. La. May 2, 2003) (granting motion to stay discovery based on judicial immunity).

The undersigned finds that TDFPS has established good cause for a stay of discovery of limited duration by demonstrating the existence of the threshold question whether Plaintiff's claims are

barred by immunity. Accordingly, the Court **GRANTS** TDFPS's Motion to Stay Discovery (Dkt. 31) until the Defendants' Motions to Dismiss have been ruled on by the District Court.

**SIGNED** on January 5, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE