**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHEILA OWENS COLLINS, M.D.,** *Plaintiff* | § | |
| **v.** | § | **Case No. 1:20-CV-367-LY** |
| **TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; MS. JAIMIE MASTERS, EXECUTIVE DIRECTOR OF ADULT PROTECTIVE in both her OFFICIAL AND INDIVIDUAL CAPACITIES and MS. LYDIA BIAS, SUPERVISOR, INDIVIDUALLY; and AISHA ROSS,** *Defendants* | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Texas Department of Family and Protective Services' Amended Motion to Dismiss, filed October 12, 2020 (Dkt. 20); Defendant Aisha Ross' Motion to Dismiss, filed October 13, 2020 (Dkt. 21); Defendant Jamie Masters' Motion to Dismiss, filed December 21, 2020 (Dkt. 30); Plaintiff's Opposed Late Motion to for Leave of Court to File Plaintiff's Second Amended Complaint, filed January 19, 2021 (Dkt. 35); and the associated response and reply briefs. The District Court referred the motions and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

In September 2017, the Texas Adult Protective Services ("APS"), a division of the Texas Department of Family and Protective Services ("TDFPS"), began an investigation of Plaintiff Sheila Owens Collins, M.D., after it received a complaint that Plaintiff was financially exploiting her elderly mother. After the initial investigation, TDFPS issued a finding that there was reason to believe that Plaintiff engaged in financial exploitation of her mother. Plaintiff requested review of the decision with the Houston office of APS, and the finding that Plaintiff engaged in financial exploitation of her mother was changed to "unable to determine" on October 24, 2018.

Plaintiff alleges that her niece, Aisha Ross, falsely filed the complaint of abuse with TDFPS in an effort to gain control of her elderly mother's finances. Plaintiff further alleges that TDFPS and the agency defendants violated her constitutional rights in its investigation and findings. In addition, Plaintiff complains that she must report the findings to state medical boards and other governmental agencies.

On April 7, 2020, Plaintiff filed this civil rights suit under 42 U.S.C. § 1983 against TDFPS; Jamie Masters, the Executive Director of TDFPS; Lydia Bias, the supervisor of the Houston office of APS; and Ross (collectively, "Defendants"). In her First Amended Complaint, Plaintiff alleges (1) First and Fourteenth Amendment claims against TDFPS and the individual agency defendants; (2) business disparagement, tortious interference with a contract, and intentional infliction of emotional distress against Ross; and (3) a civil conspiracy claim under 42 U.S.C. § 1985 against all individual defendants.[1] Plaintiff seeks monetary damages, declaratory and injunctive relief, and attorney's fees and costs.

[1] Dkt. 15. The District Court dismissed Defendants' original motions to dismiss as moot after granting Plaintiff leave to file her First Amended Complaint. Dkt. 14.

In response, Defendants TDFPS, Masters, and Ross all have filed Motions to Dismiss. Plaintiff opposes the Motions and seeks leave to file a second amended complaint. On January 5, 2021, the undersigned granted TDFPS' Motion to Stay Discovery until the District Court rules on Defendants' Motions to Dismiss. Dkt. 34. The Court makes the following recommendations on the pending motions.

## II. Legal Standards

TDFPS and Masters move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that they are immune from Plaintiff's claims. In the alternative, Masters moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Ross also seeks dismissal under Rule 12(b)(6).

### A. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In ruling on

a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

When considering a motion to dismiss for failure to state a claim, courts do not look beyond the face of the pleadings or refer to extrinsic evidence. *See Spivey v. Robertson*, 197 F.3d 772, 774

(5th Cir. 1999). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. Analysis

### A. TDFPS' Motion to Dismiss

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotations omitted). To state a claim under § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Plaintiff alleges that TDFPS violated her First and Fourteenth Amendment rights in connection with its investigation and subsequent findings of abuse, neglect, and exploitation of Plaintiff's mother. TDFPS argues that Plaintiff's constitutional claims under § 1983 are barred by sovereign immunity. The Court agrees.

"Sovereign immunity[2] is the privilege of the sovereign not to be sued without its consent." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). Under the doctrine of sovereign

[2] The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. As a result, courts often refer to sovereign immunity as "Eleventh Amendment immunity." However, as the Supreme Court has explained, "[t]he phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999).

immunity, federal courts "may not entertain a private person's suit against a State," unless the State has waived its sovereign immunity or Congress has abrogated it by legislation. *Id.* at 253-54. Sovereign immunity acts as a jurisdictional bar and applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is well-established that sovereign immunity applies not only to actions where a state itself is the named defendant, but also to actions against state agencies and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, where a lawsuit is brought against an employee in his or her official capacity, the suit may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Here, "TDFPS is undisputedly a state entity that has not waived its immunity." *Thomas v. Tex. Dep't of Fam. & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2011) (citing *Stem v. Ahearn*, 908 F.2d 1, 3 (5th Cir. 1990)). Congress has not abrogated state sovereign immunity under § 1983. *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020). Accordingly, TDFPS is entitled to sovereign immunity as to Plaintiff's claims under § 1983. *See id.*

Relying on *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff argues that sovereign immunity does not protect TDFPS in this case because she seeks equitable relief in addition to monetary relief. Although the *Ex Parte Young* doctrine creates an exception to sovereign immunity concerning suits for prospective relief against individual state actors, *Ex Parte Young* "has no application in suits against States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Accordingly, Plaintiff cannot rely on the *Ex Parte Young* exception and her claims against TDFPS must be dismissed for lack of jurisdiction under Rule 12(b)(1).[3]

**B. Jamie Masters' Motion to Dismiss**

Plaintiff alleges that Jamie Masters, Executive Director of TDFPS, also violated her First and Fourteenth Amendment rights in connection with the investigation and subsequent findings of abuse, neglect, and exploitation of Plaintiff's mother. In addition, Plaintiff alleges that Masters was involved in a civil conspiracy with the other individual defendants to deprive Plaintiff of her civil rights under 42 U.S.C. § 1985.

Masters argues that Plaintiff's claims should be dismissed based on sovereign immunity, the *Younger* abstention doctrine, limitations, qualified immunity, and failure to state a claim. Plaintiff did not respond to any of these arguments. Instead, she filed a Motion for Leave to file a second amended complaint. Plaintiff's Motion for Leave and proposed second amended complaint, however, also fail to substantively respond to any of Masters' arguments for dismissal.[4] The Court could grant the Motion to Dismiss as unopposed under Local Rule CV-7(e)(2), but addresses the merits of Masters' arguments.

Sovereign immunity bars suits against state officials in their official capacity when "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101. "The state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting." *Id.* Because state sovereign immunity has not been abrogated by § 1983,

---

[3] Because the Court finds that TDFPS is protected by sovereign immunity, the Court need not address TDFPS' alternative arguments in support of its Motion to Dismiss.

[4] Plaintiff has dropped her civil conspiracy and equal protection claims from her proposed second amended complaint. *See* Dkt. 35 at 2.

Plaintiff cannot bring a damages claim against Masters in her official capacity. *Nettles*, 972 F.3d at 681. Thus, Plaintiff's claim seeking monetary damages against Masters is barred by sovereign immunity.

Plaintiff also seeks injunctive relief against Masters. The Supreme Court's holding in *Ex parte Young* serves as a limited exception to sovereign immunity and provides that a suit against a state officer in his or her official capacity can survive dismissal only where the suit alleges a continuing violation of federal law and seeks prospective injunctive relief. 209 U.S. at 155-56; *see also Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). The *Ex parte Young* exception is narrow; it "applies only to prospective relief" and "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct*, 506 U.S. at 146. Determining whether the exception applies involves "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Stewart*, 563 U.S. at 255 (internal quotation marks omitted).

Here, Plaintiff seeks a declaration that Masters' past conduct violated her constitutional rights and asks the Court to "issue a finding requiring APS to change the designation from *unable to determine* that abuse occurred to a designation abuse was *ruled out*." Dkt. 15 ¶ 71. The injunctive relief she seeks focuses on past behavior but does not allege an "ongoing violation of federal law." *See Stewart*, 563 U.S. at 255. Plaintiff therefore has not alleged a claim that falls within the *Ex parte Young* exception, and her claims for injunctive and declaratory relief are barred by sovereign immunity. *See Nettles*, 972 F.3d at 681 (holding that *Ex parte Young* exception did not apply to liquor store chain operator's § 1983 claim seeking declaration that TABC officials violated its rights and injunction prohibiting defendants from repeating acts that allegedly violated its rights, since operator focused on past behavior and did not allege ongoing violation of federal law).

Masters also is immune from Plaintiff's state constitutional claims. *Ex parte Young* allows only federal claims against state officials for prospective relief; it cannot be used to "instruct[ ] state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106; *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 275 (5th Cir.), *cert. denied*, — S. Ct. — , 2020 WL 6385842 (Nov. 2, 2020) (mem.) ("[S]tate officials cannot be sued for violations of state law in federal court, even under the *Ex Parte Young* exception."). Accordingly, Plaintiff's state constitutional claims also should be dismissed.[5]

Based on the foregoing, the Court recommends that all of Plaintiff's claims against Masters should be dismissed for lack of subject matter jurisdiction.

**C. Aisha Ross' Motion to Dismiss**

Plaintiff alleges that Ross was involved in a civil conspiracy with the other individual defendants to deprive Plaintiff of her civil rights under 42 U.S.C. § 1985. In addition, Plaintiff asserts state law claims of business disparagement, tortious interference with an existing contract, and intentional infliction of emotional distress.

**1. Civil Conspiracy**

Plaintiff's civil conspiracy claim under § 1985 fails because that statute applies only to allegations of race-based animus against federal officials. *See Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (stating that "the conspiracy must also have a racially based animus"); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir.1998) ("The Plaintiffs are

---

[5] Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based on constitutional challenges to ongoing state civil proceedings. *See Bowling v. Roach*, 816 F. App'x 901, 904 (5th Cir. 2020) ("Where *Younger* applies, federal courts must abstain if there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). Thus, any of Plaintiff's claims for injunctive or declaratory relief with regard to ongoing litigation in the state court are precluded by the *Younger* abstention doctrine.

not federal officials and, therefore, their allegations fail to state a claim under § 1985(1).”). In her response, Plaintiff “agrees that there is no plausible claim under Section 1985.” Dkt. 26 at 4. Thus, Plaintiff’s § 1985 claim should be dismissed.

To the extent that Plaintiff also pursues a civil conspiracy claim under § 1983, this claim cannot succeed. To state a cause of action pursuant to § 1983, the plaintiff must allege that defendants acted “under color of state law,” and that the defendants deprived the plaintiff of their constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). For a private citizen such as Ross to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). To state an actionable conspiracy claim under § 1983, a plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. *Id.* The Fifth Circuit has held that “mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983.” *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *see also Priester*, 354 F.3d at 420 (“Allegations that are merely conclusory, without reference to specific facts, will not suffice” to establish a § 1983 conspiracy claim.”). “Bald allegations that a conspiracy existed are insufficient.” *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987).

In her First Amended Complaint, Plaintiff simply alleges that “the acts and omissions of the Individual Defendants rise to the level of a Civil Conspiracy violating Plaintiffs [sic] constitutional and statutory civil rights.” Dkt. 15 ¶ 85. Similarly, in her Response, Plaintiff makes the conclusory allegation that Ross and the agency defendants “conspired with each other to restrict Collins’ civil rights during the Department’s investigation and during the Guardianship Proceedings.” Dkt. 26 ¶ 11. Plaintiff does not allege an agreement between Ross and the agency defendants to commit

an illegal act; nor does she allege specific facts to show an agreement. *See Priester*, 354 F.3d at 420 (affirming dismissal of conspiracy claim under Rule 12(b)(6) where plaintiff failed to allege sufficient facts showing agreement between teammate and coaches to commit an illegal act). Accordingly, Plaintiff has failed to allege a plausible conspiracy claim against Ross.

**2. State Law Claims**

Because the Court recommends that Plaintiff's federal claims be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, and supplemental jurisdiction over all other claims so related that they form part of the same case or controversy. 28 U.S.C §§ 1331, 1367. A district court may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C § 1367(c). No single statutory factor is dispositive; whether to retain supplemental jurisdiction requires a balancing test. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). In addition to the statutory factors, courts also consider common law factors, including judicial economy, convenience, fairness, and comity. *See id.* at 347.

The district court has wide discretion to remand or dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). The Fifth Circuit generally favors dismissal when all federal claims against a defendant have been dismissed and only pendant state law claims remain. *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

The undersigned has recommended dismissal of Plaintiff's federal claims against Ross. Considering all of the above factors, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state claims.

**IV. Plaintiff's Motion for Leave to Amend**

Plaintiff seeks leave to file a second amended complaint to add more facts "as to how the Adult Protective Services violated her Procedural Due Process Rights by failing to satisfy such rules, standards of care and practices." Dkt. 35 at 2. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

As noted, Plaintiff's claims against the agency defendants are barred by sovereign immunity, and Plaintiff's claims against Ross fail to state a plausible claim for relief. The additional facts alleged in Plaintiff's proposed second amended complaint fail to cure these deficiencies. Accordingly, Plaintiff's Motion for Leave should be denied. *See Edmiston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 408 (5th Cir. 2019) (denying leave to amend where defendants were immune from suit); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

**V. Defendant Lydia Bias**

Plaintiff has not served Defendant Lydia Bias. A district court cannot exercise personal jurisdiction over a party without proper service of process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(m) permits dismissal of a suit if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, but provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period." Proof of good cause "requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Plaintiff filed suit on April 7, 2020. The 90-day period in which to effect service on any unserved defendants has long since expired. Under Rule 4(m), district courts may *sua sponte* dismiss an action without prejudice against unserved defendants or order that service be made within a specified time. FED. R. CIV. P. 4(m). If good cause exists for the failure, the district court must extend the time of service for an appropriate period. *Id.* A plaintiff bears the burden of showing valid service or good cause for failure to effect timely service. *Thrasher*, 709 F.3d at 511.

Plaintiff has demonstrated neither service nor good cause for failing to serve Defendant Bias. Accordingly, the undersigned recommends that the District Court dismiss Plaintiff's claims against Bias without prejudice under Rule 4(m) unless Plaintiff establishes good cause for failure to serve her. If Plaintiff wishes to pursue her claims against Bias, she must explain her failure to serve Bias in any objections filed in response to this Report and Recommendation. Otherwise, Defendant Bias should be dismissed under Rule 4(m).

## VI. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Texas Department of Family and Protective Services, Aisha Ross, and Jaime Masters' Motions to Dismiss (Dkts. 20, 21 and 30) and **DISMISS** Texas Department of Family and Protective Services, Aisha Ross, and Jaime Masters from this case. The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Opposed Late Motion for Leave to File Plaintiff's Second Amended Complaint (Dkt. 35). The Court **FURTHER RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims against Defendant Lydia Bias without prejudice under Rule 4(m) unless Plaintiff establishes good cause for failure to serve her.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 9, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE